UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRAY A. BRADLEY, JR.,

    Plaintiff,

v.                                        CAUSE NO. 3:21-CV-463 DRL-MGG

CAMERON FUDGE, STEVEN
SHIFFLETT, and OWENS,

    Defendants.

OPINION AND ORDER

Tyray A. Bradley, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bradley alleges that on June 11, 2021, he was assaulted by three other prisoners, who severely injured him and stole several items from him. He sues these three offenders, but this court does not have the ability to hear this case.

Federal courts are courts of limited jurisdiction, which means that there are specific requirements that must exist before a federal court may hear a case. *Hart v. FedEx*

*Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). One type of case that federal courts may hear are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, such jurisdiction for cases brought by prisoners are based on 42 U.S.C. § 1983, which requires that a plaintiff allege (1) he was deprived of a federal right (2) by someone acting under color of state law. *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Here, however, Mr. Bradley does not include any state actor as a defendant, nor is it plausible to infer that the inmates who attacked him were working in concert with a state actor. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (noting that a private citizen can be considered a state actor for purposes of § 1983 by conspiring with a state actor). Section 1983 does not reach purely private behavior. *See Hoskins v. TCF Nat'l Bank*, 248 F. App'x 742, 743 (7th Cir. 2007) (concluding that prisoner could not proceed against bank under § 1983 because bank was not a state actor and allegations against bank "describe purely private business activities").

Mr. Bradley doesn't state a claim under § 1983 or any other federal law that would supply this court with jurisdiction to hear the case. Nor is there another plausible basis for jurisdiction alleged in the complaint. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

No additional facts will turn these prisoners into state actors. It is legally frivolous to sue in a court that lacks subject matter jurisdiction.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

July 27, 2021 *s/ Damon R. Leichty*
Judge, United States District Court